**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES HARRISON,** : | |
| **Plaintiff,** : | |
| **v.** : | **CIVIL NO. 08-CV-1268** |
| : | |
| **SODEXHO, INC.,** : | |
| **Defendant.** : | |

**MEMORANDUM OPINION AND ORDER**

**RUFE, J.**                                                                                  **July 15, 2008**

Before the Court are Defendant Sodexho, Inc.'s ("Defendant") Motion to Dismiss [1]

pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiff James Harrison's ("Plaintiff")

Response in Opposition.[2]  Plaintiff's Complaint alleges that Defendant unlawfully discharged

and retaliated against him on account of race in violation of Title VII of the Civil Rights Act of

1964 ("Title VII"),[3] and that Defendant unlawfully discharged him in violation of the

Pennsylvania Human Relations Act ("PHRA").[4]  Because Defendant's Motion claims only that

Plaintiff failed to exhaust mandatory administrative remedies, the Court will not reach the merits

of Plaintiff's claim.

**I.  Standard of Review**

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

federal courts "accept as true all allegations in the complaint and all reasonable inferences that

---

[1] Doc. No. 4.

[2] Doc. No. 6.

[3] 42 U.S.C. § 2000e (2003).

[4] Pennsylvania Human Relations Act, 43 P.S. §§ 951-963.

can be drawn therefrom, and view them in the light most favorable to the non-moving party."[5]
Generally, courts may entertain only the allegations of the complaint when considering a motion
to dismiss.[6]  Should the court consider any outside documents, the motion to dismiss is
"converted" into a motion for summary judgment.[7]  However, "a court may properly consider
the relevant entirety of a document integral to or explicitly relied upon in the complaint, even
though not attached to the complaint, without converting the motion into one for summary
judgment." [8]

Here, neither the PHRC Charge nor the EEOC Dismissal is attached to the pleadings.
However, since Plaintiff explicitly references and relies upon both documents in the Complaint, [9]
the Court may properly consider the PHRC Charge and the EEOC Dismissal for the purposes of
this motion.[10]

## II.  Factual Background

The instant action stems from Plaintiff's allegedly discriminatory termination.  Defendant
Corporation employed Plaintiff in its housekeeping division at Arcadia University from
December 2003 until Plaintiff's termination on July 13, 2006.[11]  On that date, Plaintiff's
supervisor accused him of stealing a sandwich from Defendant Corporation, and promptly

---

[5] E.g., Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

[6] Pryor v. National College Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002).

[7] Id.

[8] In re Rockefeller Center Properties, Inc. Securities Litigation, 184 F.3d 280, 287 (3d Cir. 1999); In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1426 (3d Cir. 1997).

[9] Id. ¶ 3 (citing the Charge); Id. ¶ 4 (Citing the "notice of suit rights letter" [sic] contained in the Dismissal).

[10] Both documents are also arguably integral to the Complaint.  Whether the PHRC Charge, which was cross-filed with the EEOC, was timely filed determines whether the Court may properly hear Plaintiff's claims.  The EEOC Dismissal contains the "notice of suit rights" (sic), which Plaintiff contends authorizes him to bring this action.

[11] Compl. ¶ 5.

terminated his employment.[12]  Plaintiff alleges that the accusation was a mere pretense, and that

he was unlawfully fired because he is a "black African American".[13]  Plaintiff also alleges that

his termination was unlawfully retaliatory.[14]  In support of both claims, Plaintiff references

situations in which Caucasian employees were accused of stealing from Defendant, but were not

terminated.[15]  The record does not indicate that Plaintiff pursued any administrative remedies

within Defendant's organization.

       On August 27, 2007, approximately 410 days after his allegedly discriminatory

discharge, Plaintiff filed a Charge of discrimination with the Pennsylvania Human Relations

Commission (PHRC), which was cross-filed with the Equal Employment Opportunity

Commission (EEOC).  The Charge alleged unlawful discrimination, but not retaliation.  On

November 7, 2007, the EEOC mailed Plaintiff a form notifying him that his charge had been

dismissed because it was not timely filed.  The form included a so-called "right-to-sue" letter,

which Plaintiff contends authorizes him to bring the instant action in court despite the admittedly

untimely filing. On February 7, 2008, Plaintiff filed this action in the Court of Common Pleas for

Montgomery County, Pennsylvania.  On March 14, 2008, Defendant removed to this Court.  On

March 20, 2008, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6),

arguing that Plaintiff's suit is barred for failure to exhaust available administrative remedies.

---

[12] Id.

[13] Id. ¶ 6.

[14] Id. ¶ 9 (Plaintiff bases both Title VII claims on his termination).

[15] Id. ¶ 7.

### III.  Discussion

    A.  Title VII Discrimination Claim

Pursuant to 29 U.S.C. § 626(d), filing a timely charge of employment discrimination with the EEOC is a mandatory prerequisite to bringing a civil race discrimination action under Title VII.[16]  Pursuant to 42 U.S.C. § 2000e-5(e)(1), a plaintiff must file an EEOC charge within 180 days of the discriminatory incident at issue, or within 300 days in a "deferral state".[17]  If a plaintiff fails to timely file with the EEOC before bringing suit under Title VII, the court must dismiss his/her complaint for failure to exhaust administrative remedies.[18]

In National Railroad Passenger Corp. v. Morgan, the United States Supreme Court stated that absent grounds for equitable tolling,[19] an individual cannot recover for a discrete act of discrimination that predates the mandatory filing period.[20]  Significantly, the Court listed termination as an "easily identifiable discrete act".[21]

Here, the only discriminatory act that Plaintiff alleges is his termination, which is a discrete act as a matter of law.[22]  As such, Plaintiff must have filed a charge with the EEOC

---

[16] 29 U.S.C. § 626(d); National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002).

[17] 42 U.S.C. § 2000e-5(e)(1).  A deferral state is one that has authorized an administrative body to "grant relief for federally prohibited discrimination".  Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000).  Because Pennsylvania has authorized the PHRC to resolve such claims, it is a deferral state.  Id.

[18] Chatterjee v. Philadelphia Federation of Teachers, No. 05-4930, 214 Fed. Appx. 201 at *205 (3d Cir. 2007).

[19] Under the doctrine of "equitable tolling", the court may toll the mandatory filing period if strict enforcement would be inequitable to a plaintiff.  Oshiver v. Levin, 38 F.3d 1380, 1387-1388 (3d Cir. 1994).  The court normally finds such inequity only where untimely filing is caused by extraordinary circumstances, where plaintiff timely files in the wrong forum, or where the "defendant actively mis[leads] the plaintiff regarding the plaintiff's cause of action".  Id.  Here, Plaintiff does not invoke equitable tolling, and alleges no facts upon which the Court could construe grounds to toll the filing period on such a basis.

[20] Morgan, 536 U.S. at 110; see also O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006); Campbell v. BankBoston, N.A., 327 F.3d 1, 11 (1st Cir. 2003).

[21] Morgan, 536 U.S. at 114.

[22] Id.

4

within 300 days of his discharge to properly bring this action.  He filed the Charge on August 27, 2007, approximately 410 days after he was terminated and 110 days after the mandatory filing period lapsed.  Accordingly, Plaintiff has not exhausted administrative remedies for his Title VII discrimination claim, and is barred from bringing it before this Court.

That Plaintiff received a so-called "right-to-sue" letter from the EEOC is inconsequential because  "[a] right-to-sue letter enables a private suit only if it is issued in connection with an administrative charge that is timely filed."[23]  Because Plaintiff failed to timely file his EEOC Charge, his right-to-sue letter does not enable his Title VII civil claims.

### C.   Title VII Retaliation Claim

In deferral states such as Pennsylvania,[24] individuals must file a retaliation charge with the EEOC within 300 days of the allegedly unlawful retaliation before seeking judicial relief under Title VII.[25]  Absent grounds for equitable tolling, failure to timely file is fatal to any potential Title VII civil actions on the basis of such retaliation. [6][2]

Here, Plaintiff never filed a retaliation charge with the EEOC.  As the Third Circuit stated in Antol v. Perry, one filed charge cannot substitute for another unless "the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."[27]  Plaintiff's Charge makes no mention of retaliation, alleges no facts from which the Court could construe a retaliation claim, and explicitly indicates "race

---

[23] McPherson v. New York City Dept. of Educ., 457 F.3d 211, 214 (2d Cir. 2006); see, also, Lacy v. National Railroad Passenger Corp, No. 07-3374, 254 Fed. Appx. 934 at *936 (3d Cir. 2007) (holding that plaintiff's claims were barred for untimely filing despite receiving "right to sue" letter); Thompson v. General Electric, No. 02-3892, 81 Fed. Appx. 415 at *417 (3d Cir. 2003).

[24] Morgan, 536 U.S. at 119-120.

[25] Id. at 105.

[26] Id.

[27] 82 F.3d 1291, 1295 (3d Cir. 1996).

discrimination" and not "retaliation" as the basis for the Charge.[28]  Thus, retaliation is not fairly

within the scope of the original Charge, and Plaintiff's retaliation claim is barred.[29]

       D.  Pennsylvania Human Relations Act Claim

       In order to bring an employment discrimination suit under the Pennsylvania Human

Relations Act, a plaintiff must first file a charge with the Pennsylvania Human Relations

Commission within 180 days of the alleged infraction.[30]  Absent grounds for equitable tolling, a

plaintiff that fails to timely file with the PHRC is barred from seeking judicial relief for failure to

exhaust administrative remedies.[31]  The Pennsylvania Supreme Court strictly enforces this filing

period.[32]

       Here, Plaintiff filed with the PHRC approximately 410 days after his termination—some

230 days after the 180-day statutory limit lapsed.  Accordingly, Plaintiff's PCRA claim is barred

for failure to exhaust administrative remedies. [33]

## III.  Conclusion

       Plaintiff is barred from seeking judicial remedy because he filed discrimination charges

with the EEOC and PCRA approximately 410 days after his allegedly discriminatory

discharge—well after the respective state and federal statutory deadlines—and because he failed

---

[28] The standard PHRC charge form includes several boxes that an individual can check to indicate the basis for the complaint.  On his Charge form, Plaintiff checked the box labeled "Race Discrimination," and left blank the box labeled "Retaliation". Doc. No. 6, Exhibit A.

[29] Even were retaliation fairly within the scope of the Charge, the Court could not hear Plaintiff's retaliation claim because the Charge was not timely filed with the PHRC and EEOC, and Plaintiff is time-barred from filing additional charges on the basis of his termination.

[30] 43 P.S. § 959; Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997).

[31] Woodson, 109 F.3d at 925; Uber v. Slippery Rock University of Pennsylvania, 887 A.2d 362, 366 (Pa. Commw. Ct. 2005).

[32] Woodson, 109 F.3d at 925.

[33] Equitable tolling operates on PCRA claims in the same manner that it operates on Title VII claims.  Uber, 877 A.2d at 366.  Plaintiff does not invoke the doctrine as to his PCRA claim, and alleges no facts upon which the Court could properly toll the 180-day mandatory filing period.

to file a retaliation charge with the EEOC at any time.  As such, he has not exhausted available

administrative remedies, and is now time-barred from so doing.  Accordingly, this Court grants

Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(6).

      An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|                                    |     |                          |
|------------------------------------|-----|--------------------------|
| **JAMES HARRISON,**                | :   |                          |
|             **Plaintiff,**         | :   |                          |
|        **v.**                      | :   | **CIVIL NO. 08-CV-1268** |
|                                    | :   |                          |
| **SODEXHO, INC.,**                 | :   |                          |
|             **Defendant.**         | :   |                          |
|                                    | :   |                          |

     **AND NOW**, this 15th day of July 2008, upon consideration of Defendant's Motion to Dismiss [Doc. No. 4] and Plaintiff's Response in Opposition [Doc. No. 6], and for the reasons set forth in the attached Memorandum Opinion, it is hereby **ORDERED** that the Motion is **GRANTED**, and this action is dismissed with prejudice.  The Clerk of Court is directed to **CLOSE** this case.

     It is so **ORDERED**.

                           **BY THE COURT:**

                           /s/ Cynthia M. Rufe

                           **CYNTHIA M. RUFE, J.**